(No. 78-CC-1313—█)

CECIL O. GABLE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 8, 1981.*

CECIL O. GABLE, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel) for Respondent.

ROE, C.J.

This cause coming on to be heard on the Respondent's motion to dismiss and the Court being fully advised in the premises finds that the Claimant's position herein is contrary to the policy of the Department of Personnel as set forth by the director of personnel through his subordinates and which policy has been long-standing (since 1957). That policy, which this Court fully supports is basically as follows:

1. International unions submit contracts to the Department of Labor.

2. The Department of Labor applies its time stamp upon receipt of union contracts.

3. The Department of Labor forwards time stamped copies of contracts to the Department of Personnel.

4. The Department of Personnel edits the contracts to remove "pyramid" items and adjusts the hourly rates accordingly.

5. Prevailing rates which are time stamped before midnight of a quarter and which have contractually effective dates on or before said quarter are regarded to be effective on that quarterly date (January 1, April 1, July 1, October 1).

6. Prevailing rates which are time stamped after midnight of the appropriate quarter are held for release on the next quarter.

Example: A negotiated effective rate is April 1st. The time stamp is April 2nd. Release date by the Department of Personnel will be July 1st.

Because of the large number of employees involved in the many, many departments that comprise the State of Illinois, it is essential that the State have a consistent policy as regards employee compensation. It is the policy of this Court to support the director of personnel in the exercise of his prerogatives granted him by the legislature in the Personnel Code, which prerogative was exercised in the promulgation of the Rules set forth above.

It is therefore the finding of this Court that the claim herein presented is contrary to the policy set forth by the

director of personnel and this claim must be and is hereby denied.